## K. BAUCHAM v. THE STATE.

No. 7898. Decided December 19, 1923.

Rehearing denied February 13, 1924.

**1.—Manufacturing Intoxicating Liquor—Charge of Court.**

It was unnecessary for the court to charge the jury that appellant wilfully intended to manufacture intoxicating liquor at the time and place in question before they could find him guilty, as the intent does not become important as an integral part of this offense, under article 51 Penal Code.

**2.—Same—Charge of Court—Theory of Defense.**

Where the defensive issues raised by the evidence were submitted to the jury clearly and pertinently, there is no reversible error.

**3.—Same—Co-defendant—Witness—Statute Construed.**

Article 791 C. C. P., is positive upon the point that a co-defendant is not a competent witness for the accused, and there was no error in not permitting him to testify.

Appeal from the District Court of Upshur. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Florence & McClelland,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor, with punishment in the penitentiary for one year.

The officers testified that upon the date of the transaction complained of they discovered in operation a still situated two or three hundred yards from appellant's house; that appellant and three other parties were about the still at the time; that from the time they first discovered the parties and the still they were about an hour and a half approaching it during which time they watched what was going on about the place; that they saw appellant place wood under the still several times during this interval; that when they finally called upon them to surrender appellant and the others ran. The evidence of appellant was that he had no connection whatever with the still or the manufacture of the. whisky; that the business was being conducted by white men, he being a negro; that as he was crossing the branch at some short distance below where the still was in operation one of the parties intercepted him and insisted that he go to where the whisky was being made and that he remained there at the insistance of the white men apparently in control of operations; that he had no interest in the still nor the manufacture of the whisky and only remained there because he was required to do so by the other parties. These defensive issues were all properly submitted to the jury and the finding upon them was in favor of the State. The complaint that the evidence does not support the verdict is not tenable.

It is contended that the court's charge is erroneous in that he should have instructed the jury that appellant "wilfully intended to manufacture intoxicating liquor at the time and place in question before he would be guilty." It was unnecessary for the court to so charge. Where intent does not become important as an integral part of the offense itself it is not necessary for the court to submit that issue to the jury in the absence of evidence raising it. Article 51 of the Penal Code reads:

"The intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act."

(See authorities collated in the notes under said article.)

The defensive issues raised by the evidence were submitted to the jury clearly and pertinently. They were told that the mere presence of appellant at the place where intoxicating liquor was being manufacured did not make him guilty, and although appellant might have been present where parties were so engaged, yet if he did not aid or assist in the manufacture, they should acquit him; and that if appellant was present at the time the liquor was being manufactured and knew it was being done, then if he was not interested in the manufacture thereof but was coerced to remain and aid in its manufacture or caused to remain through apprehension or fear of the parties who were so engaged therein that appellant would not be guilty. The rights of appellant appear to have been properly guarded.

Appellant tendered as a witness in his behalf one Tim Hall who was a co-defendant and one of the parties engaged in the manufacture of the liquor. Complaint is made because the court declined to permit him to testify to facts favorable to appellant. The court committed no error in this respect. Article 791, Code Criminal Procedure is positive upon this point against appellant's contention. It reads:

"Persons charged as principals, accomplices or accessories, whether in the same indictment or different indictments, can not be introduced as witnesses for one another, but they may claim severance; and if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others."

It does not appear from the record in this case that any application for severance was made. Hall had not been acquitted and the prosecution was still pending against him. He could not be used as a witness for his co-defendant, the appellant in this case.

Finding no error in the record, and believing the evidence to be sufficient to support the finding of the jury, the judgment is affirmed.

*Affirmed.*

[Rehearing denied Feb. 13, 1924.—REPORTER.]