TIM HALL v. THE STATE.

No. 7899. Decided March 12, 1924.

Rehearing denied April 30, 1924.

1.—Manufacturing Intoxicating Liquor—Medicinal Purposes.

Where the lower court submitted a charge on the question of medicinal purposes and instructed the jury to acquit if the defendant so used the liquor, this was sufficient, and it was not incumbent upon the State to prove that appellant was not making whisky for medicinal purposes, the burden was upon the defendant.

2.—Same—Charge of Court—Criminal Intent.

It is not required that the court below should charge the jury on the law of criminal intent relative to the manufacture of the liquor in question. Following· Baucham v. State, recently decided.

3.—Same—Co-Defendant.

The court committed no error in declining to permit defendant to use as a witness a co-defendant, indicted for the manufacture of intoxicating liquor at the same time and place.

4.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence supports the conviction, there is no reversible error.

Appeal from the District Court of Upshur. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Florence & McClelland,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, Judge.—Conviction is for the manufacture of intoxicating liquor with an assessed punishment of confinement in the penitentiary for one year.

The officers discovered a still in operation, the business being conducted by three white men and a negro. The officers watched operations for perhaps an hour and a half before making any arrests. During this time they recognized appellant as one of the parties and saw him pouring water in the cooling keg through which the worm ran. One of the other parties would hand water up to appellant who poured it into the keg. He was seen to do this two or three times before the officers reached the still. When the presence of the officers became known to appellant 'he ran away, fell into a ditch and was apprehended. Appellant denied having any interest in the manufacture of the liquor or of the equipment used therein, and accounted for his presence at the time of the raid on the ground that he knew where the still was in operation and was suffering from asthma and had gone to the still in order to get some whisky to relieve it. He testified that this was all he had to do with it. Appellant criticizes the charge of the court for a failure to submit the right of appellant to manufacture intoxicating liquor for medicinal purposes. From an inspection of the charge we find that the court in substance did instruct the jury that although whisky was being manufactured on the occasion in question and that appellant was present knowing the unlawful purpose of those engaged in its manufacture, but did not aid them therein that the jury would acquit appellant although they might believe he obtained some of the whisky for medicinal or other purposes. This charge presents in a concise way appellant's defense. It was not incumbent on the State to prove that appellant was not making whisky for medicinal purposes, but upon appellant to produce sufficient evidence to raise at least a reasonable doubt in the jury's mind on that point. He denies all connection with the manufacture of the liquor, and asserts only that he was present to secure some of the already made liquor to use as medicine. This issue was submitted. We think the criticism of the charge not well founded.

It is further insisted that the court should have instructed the jury on the "law of criminal intent," relative to the manufacture of the liquor in question. This point was decided adversely to appellant's contention in the companion case of Baucham v. State, No. 7898, opinion delivered December 19, 1923, 96 Texas Crim. Rep., 517.

The court committed no error in declining to permit appellant to use as a witness K. Baucham who was a co-defendant indicted for the manufacture of intoxicating liquor at the same time and place. This question was also decided in the Baucham case (supra). He offered as a witness the appellant in the present case.

We are not in accord with appellant's contention that the evidence is insufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 30, 1924.    Reporter.]